■ GENESIS GROUP, LLC, et al., Plaintiffs, v NORTH AMERICAN ENERGY CREDIT AND CLEARING CORP. et al., Defendants, and NASDAQ OMX GROUP, INC., Respondents. FLATIRON CAPITAL, a Division of WELLS FARGO BANK, N.A., Nonparty Appellant. [953 NYS2d 577]—

Amended order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 12, 2011, which granted the motion of defendant Nasdaq OMX Group, Inc. (OMX) to vacate a November 10, 2010 order, the ensuing November 30, 2010 judgment, an order dated May 26, 2011 and an unfiled judgment dated May 27, 2011, all of which directed turnover to nonparty Flatiron Capital of certain escrowed funds, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 29, 2011, unanimously dismissed, without costs, as superseded by the appeal from the amended order. Order, same court and Justice, entered April 11, 2012, which, insofar as appealed from and to the extent appealable, denied Flatiron's motion to renew, unanimously affirmed, with costs.

OMX, although not a party to the escrow agreement, had standing as an "interested" entity under CPLR 5015 to challenge Flatiron's attempt to obtain payment from the escrow fund for more than was allotted it under the agreement's schedule of indebtedness. It was undisputed that OMX was a close affiliate of nonparty Nasdaq OMX Commodities Clearing Company.

Because the additional amount that Flatiron sought to recover from the escrow fund arose from a default on an installment payment after the effective date of the escrow agreement and the consequent acceleration of the entire contractual amount due, it was not improper to exclude the unmatured debt from the escrow (see Del Code Ann, tit 8, § 281 [a] [4]). There is no support for Flatiron's contention that the intent of the escrow agreement was to provide for payment of all of the debt to all of NECC's creditors.

Renewal was properly denied because, even if the evidence Flatiron submitted was considered new, it would not change the prior determination (see CPLR 2221 [e] [2]).

We have considered Flatiron's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.